UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>RAMCON COMPANY, INC.,<br><br>Defendant. | Case No.: C 05-0438 PVT<br><br>**INTERIM ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On August 15, 2005, Plaintiffs filed a renewed motion for default judgment against Defendant Ramcom Company, Inc. ("Ramcon").[1]  Having reviewed the motion papers, the court finds it appropriate to issue this interim order seeking additional briefing.  Therefore,

IT IS HEREBY ORDERED that no later than October 14, 2005, Plaintiffs shall file: 1) evidence that the contract attached as Exhibit 1 to the Gibbons Declaration[2] was executed by both the union and the Plumbing-Heating-Cooling Contractors Association of the Greater Bay Area (which, according to Exhibit 2 to the Gibbons Declaration, is authorized to execute such agreements

---

[1]  The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2]  As used herein, "Gibbons Declaration" refers to the Declaration of Joan Gibbons in Support of Motion for Default Judgment, filed herein on August 15, 2005.

ORDER, *page 1*

on Ramcon's behalf); 2) a supplemental brief explaining the basis for claiming liquidated damages on any late contributions which were not referenced in the complaint;[3] and 3) competent evidence that Ramcon failed to timely submit its contributions for December 2004 and/or any other month properly at issue in this motion.[4]

IT IS FURTHER ORDERED that the hearing on Plaintiffs' motion for default judgment is continued to 10:00 a.m. on November 1, 2005, and the Case Management Conference in this matter is continued to 2:00 p.m. on December 13, 2005.

Dated: *9/26/05*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] *See* FED.R.CIV.PRO. 54(c) (default judgment may not exceed amount prayed for in complaint); *see also, Pueblo Trading Co. v. El Camino Irrig. Dist.*, 169 F.2d 312, 313 (9th Cir. 1948) (default judgment that exceeded scope of complaint held to be nullity).

[4] The transmittal for December 2004 is dated 1/10/05, five days before the contractual deadline (which was the 15th of the month following the month in which the work was performed). Plaintiffs provide no evidence regarding when the transmittal and contribution were actually submitted. On the current record, there is insufficient evidence that this particular contribution is the one alleged as due and owing in the complaint. Thus, there is insufficient basis to calculate the liquidated damages that were alleged in the complaint.